UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PABLO AGUILERA-RIOS, | : <br> : <br> : |
| Petitioner, | : Civ. No. 24-9370, 24-10587, 25-833 <br> : |
| v. | : <br> : **MEMORANDUM AND ORDER** |
| WARDEN, | : <br> : |
| Respondent. | : <br> : |

*Pro se* petitioner Pablo Aguilera-Rios ("Petitioner"), a detainee at FCI Fort Dix, seeks to commence a habeas petition pursuant to 28 U.S.C. § 2241 in three separate matters before this Court: (1) No. 24-9370, filed in September 2024, (2) No. 24-10587, filed in October 2024, and (3) No. 25-833, filed in January 2025. Although worded slightly differently, all three petitions raise the same claims against the same defendant—the Warden Rachel Thompson of FCI Fort Dix—regarding Petitioner's eligibility status for the First Step Act. Accordingly, the Court will administratively terminate the duplicative cases (No. 24-10587 and No. 25-833). Petitioner is directed to submit documents to the Court only in the first-filed matter (No. 24-9370).

Additionally, Petitioner did not pay the requisite filing fee or submit an *in forma pauperis* ("IFP") application in the first-filed matter (No. 24-9370). *See* ECF No. 1. Accordingly, this Court will administratively terminate that case (No. 24-9370). Petitioner will be allowed to reopen that case (No. 24-9370) by submitting a completed IFP application, including a certified inmate trust fund account statement, or by paying the filing fee ($5) for a writ of habeas corpus.

Accordingly, IT IS on this 22nd day of August, 2025,

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** No. 24-10587 and No. 25-833 as duplicative of the first-filed action; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** No. 24-9370 because Petitioner failed to pay the requisite filing fee and did not submit an application to proceed IFP; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar provided the original petition was timely; and it is further

**ORDERED** that, if Petitioner wishes to reopen this action (No. 24-9370), he shall so notify the Court within 30 days of the date of entry of this Order, in writing; Petitioner's writing shall include either: (1) a properly completed *in forma pauperis* application, including a certified six-month prison account statement; or (2) the filing fee; it is further

**ORDERED** that, upon receipt of a writing from Petitioner stating that he wishes to reopen this proceeding (No. 24-9370) and either a complete IFP application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this proceeding; and it is further

**ORDERED** that the Clerk shall serve (1) a copy of this Memorandum and Order; (2) a blank Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case, form DNJ-Pro Se-007-B-(Rev. 09/09), upon Petitioner by regular U.S. mail.

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
United States District Judge